JACKSON LEWIS P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
(914) 872-8060
ATTORNEYS FOR DEFENDANT
BAKED STONEWALL OPERATORS LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

NAMEL NORRIS,

                                    Plaintiff,

-against-

BAKED STONEWALL OPERATORS LLC, a
New York limited liability company, d/b/a
INSOMNIA COOKIES, and PEARL ST
HOLDING, LLC, a New York limited liability
company,

                                    Defendants.
--------------------------------------------------------------

Index No.: 19-cv-06639-PGG-OTW

## DEFENDANT BAKED STONEWALL OPERATORS LLC'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Baked Stonewall Operators LLC d/b/a Insomnia Cookies (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiff's Amended Complaint herein, states as follows:

### AS TO "JURISDICTION AND PARTIES"

1.      Defendant denies the allegations set forth in Paragraph "1" of Plaintiff's Amended Complaint, except admits that Plaintiff purports to proceed as alleged therein.

2.      Defendant denies the allegations set forth in Paragraph "2" of Plaintiff's Amended Complaint, except admits Plaintiff purports to proceed as alleged therein.

3.      The allegations in Paragraph "3" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil

Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of Plaintiff's Amended Complaint, except denies that Plaintiff was denied full and equal access to, and full enjoyment of, the facilities of Defendant's property.

5.     Defendant admits the allegations set forth in Paragraph "5" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

6.     Defendant denies the allegations set forth in Paragraph "6" of Plaintiff's Amended Complaint, except admits Plaintiff purports to proceed as alleged therein.

**AS TO "COUNT I- VIOLATIONS OF THE AMERICANS WITH DISABILITES ACT"**

7.     The allegations in Paragraph "7" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

8.     The allegations in Paragraph "8" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

9.     The allegations in Paragraph "9" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

10.     Defendant denies the allegations set forth in Paragraph "10" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant, except admits that goods are provided to the public at the Subject Facility referenced therein.

11.     The allegations in Paragraph "11" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statutes cited therein for their full and accurate content.

12.     Defendant denies the allegations set forth in Paragraph "12" of Plaintiff's Amended Complaint.

13.     Defendant denies the allegations set forth in Paragraph "13" of Plaintiff's Amended Complaint.

14.     Defendant denies the allegations set forth in Paragraph "14" of Plaintiff's Amended Complaint.

15.     The allegations in Paragraph "15" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

16.     Defendant denies the allegations set forth in Paragraph "16" of Plaintiff's Amended Complaint, including each and every subparagraph alleged therein, insofar as they relate to this answering Defendant.

17.     Defendant denies the allegations set forth in Paragraph "17" of Plaintiff's Amended Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of Plaintiff's Amended Complaint.

19.     The allegations in Paragraph "19" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations insofar as they relate to this answering Defendant and respectfully refers the Court to the statute cited therein for its full and accurate content.

20.     The allegations in Paragraph "20" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

### AS TO "COUNT II- VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW"

21.     The allegations set forth in Paragraph "21" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

22.     Defendant denies the allegations set forth in Paragraph "22" of Plaintiff's Amended Complaint.

23.     Defendant repeats its responses set forth in Paragraphs 1 through 22 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "23" of Plaintiff's Amended Complaint.

### AS TO "COUNT III- VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW"

24.     The allegations set forth in Paragraph "24" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

25.     The allegations set forth in Paragraph "25" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

26.     Defendant denies the allegations set forth in Paragraph "26" of Plaintiff's Amended Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of Plaintiff's Amended Complaint.

28.     Defendant repeats its responses set forth in Paragraphs 1 through 27 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "28" of Plaintiff's Amended Complaint.

### AS TO "COUNT IV- VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK"

29.     Defendant denies the allegations set forth in Paragraph "29" of Plaintiff's Amended Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

31.     The allegations set forth in Paragraph "31" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

32.     The allegations set forth in Paragraph "32" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations

and respectfully refers the Court to the judicial decision cited therein for its full and accurate content.

33.     Defendant denies the allegations set forth in Paragraph "33" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

34.     Defendant denies the allegations set forth in Paragraph "34" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

35.     Defendant denies the allegations set forth in Paragraph "35" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

36.     Defendant denies the allegations set forth in Paragraph "36" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

37.     Defendant repeats its responses set forth in Paragraphs 1 through 36 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "37" of Plaintiff's Amended Complaint.

## AS TO "ATTORNEYS' FEES AND COSTS"

38.     Defendant denies the allegations set forth in Paragraph "38" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

39.     Defendant denies the allegations set forth in Paragraph "39" of Plaintiff's Amended Complaint.

## AS TO "DAMAGES"

40.     Defendant denies the allegations set forth in Paragraph "40" of Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

## AS TO "INJUNCTIVE RELIEF"

41.     The allegations set forth in Paragraph "41" of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

42.     To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses, including subparagraphs (A) through (E) set forth in Plaintiff's Amended Complaint insofar as they relate to this answering Defendant.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Amended Complaint and the alleged causes of action, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part to the extent Defendant relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

## FIFTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he lacks standing to pursue such claims.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

**WHEREFORE**, Defendant respectfully requests the Court to:

a.   Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice;

b.   Deny each and every demand, claim and prayer for relief contained in Plaintiff's Amended Complaint;

c.   Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

d.   Grant Defendant such other and further relief as the Court deems just and proper.

Dated:      November 11, 2019
White Plains, New York

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:      */s/ Joseph J. DiPalma*
Joseph J. DiPalma

*Attorneys for Defendant*
*Baked Stonewall Operators LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

NAMEL NORRIS,

                    Plaintiff,

-against-

BAKED STONEWALL OPERATORS LLC, a
New York limited liability company, d/b/a
INSOMNIA COOKIES, and PEARL ST
HOLDING, LLC, a New York limited liability
company,

                    Defendants.

Index No.: 19-cv-06639-PGG-OTW

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendant's Answer to Plaintiff's

Amended Complaint has been electronically filed and served via First Class mail at the addresses

set forth below on the 11th day of November 2019 on counsel for the Parties who entered their

notice of appearance in this matter:

Bradley Weitz, Esq. (BW 9365)
Robert J. Mirel, Esq. (RM 2974)
The Weitz Law Firm, P.A.
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, FL  33160
Tel: 305-949-7777
Fax: 305-704-3877


*/s/ Joseph J. DiPalma*
Joseph J. DiPalma

4822-5439-2236, v. 1